IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BROTHERS CAR WASH INC. DBA KWIK KAR WASH OF LANTANA,<br><br>*Plaintiff,*<br><br>vs.<br><br>TRI-STATE INSURANCE COMPANY OF MINNESOTA,<br><br>*Defendant.* | § § § § § § § § § § § § § § CIVIL ACTION NO.: 4:25-cv-00994 |

## DEFENDANT TRI-STATE INSURANCE COMPANY OF MINNESOTA'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Tri-State Insurance Company of Minnesota ("Defendant" or "Tri-State") hereby removes the action styled and numbered *Brothers Car Wash Inc. dba Kwik Kar Wash of Lantana v. Tri-State Insurance Company of Minnesota*, Cause No. 25-5343-431, pending in the 431st Judicial District Court of Denton County, Texas to the United States District Court, of the Eastern District of Texas, Sherman Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   INTRODUCTION

1.   This lawsuit arises out of Plaintiff Brothers Car Wash Inc. dba Kwik Kar Wash of Lantana's ("Plaintiff" or "Brothers") claim for coverage under a property insurance policy issued by Defendant for alleged storm damage to Plaintiff's property on or about June 11, 2023. By way of its Amended Petition, Plaintiff—a domestic corporation who resides in Denton County, Texas—asserts several common law and statutory causes of action against Tri-State—a foreign insurance company organized under the laws of, Iowa with its principal place of business in Iowa.

2. On July 25, 2025, Plaintiff filed its Amended Petition in the 431st Judicial District Court of Denton County, Texas in a case styled *Brothers Car Wash Inc. dba Kwik Kar Wash of Lantana v. Tri-State Insurance Company of Minnesota*, Cause No. 25-5343-431.[1] Tri-State filed its Answer on September 5, 2025 in the 431st Judicial District Court of Denton County, Texas.[2]

## II. NOTICE OF REMOVAL IS TIMELY

3. Tri-State was served with Plaintiff's Amended Petition on August 12, 2025. Accordingly, Tri-State files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b).

## III. VENUE IS PROPER

4. Venue is proper in the United States District Court for the Eastern District of Texas, Sherman Division under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV. BASIS FOR REMOVAL JURISDICTION

5. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Tri-State, and the amount in controversy exceeds $75,000 excluding interest and costs.

---

[1] *See Plaintiff's Amended Petition,* attached as **Exhibit C**.
[2] *See Tri-State's Original Answer,* attached as **Exhibit F.**

**A.     Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Tri-State.**

6. Plaintiff is a domestic corporation organized under the laws of the state of Texas, with its principal place of business in Parker, Texas. Consequently, Plaintiff is a citizen of Texas for the purposes of diversity jurisdiction.

7. Tri-State is an insurance company organized under the laws of the State of Iowa, with its principal place of business in Urbandale, Iowa. Consequently, Tri-State is a citizen of the state of Iowa for diversity jurisdiction purposes.

8. Because Plaintiff is a citizen of Texas and Tri-State is a citizen of Iowa, complete diversity of citizenship exists now and on the date Plaintiff filed this lawsuit.

**B.     Removal is Proper Because the Amount in Controversy Exceeds $75,000.**

9. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."

10. When removal is premised upon diversity jurisdiction, courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[3] The Court must first examine Plaintiff's Petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement.[4] If it is not facially apparent, however, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[5] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[6]

---

[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[4] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[5] *Id*. at 1253.
[6] See *Hartford Ins. Grp. v. Lou–Con Inc.,* 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Molina v. Wal–Mart Stores Tex., L.P.,* 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

11. In Plaintiff's Amended Petition, Plaintiff pleads that "the amount in controversy exceeds the jurisdictional minimum" and that "Plaintiff prays that this Honorable Court enter an award against Defendant for compensatory damages, pre-judgment interest, attorneys' fees, and costs, and all other and further relief this Honorable Court deems just and proper."[7] Plaintiff also pleads that it is entitled to actual damages, including the loss of benefits that should have been paid under the policy and exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152 (b).[8] Specifically as to the actual damages amount, Plaintiff pleads that "[i]ncluded in Plaintiff's Notice of Intent to Sue was an estimate for damages totaling $229,782.30. See attached as Exhibit B Plaintiff's Estimate of Damages." Therefore, Plaintiff's claim is at least $689,346.00 based on Plaintiff's actual damages amount and claim for treble damages.

12. Defendant denies the validity and merits of Plaintiff's claims in this action, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief requested whatsoever, it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interest, statutory or punitive damages, and costs.

13. Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

---

[7] See Plaintiff's Amended Petition, attached as **Exhibit C** at ¶ 3 and pg. 14-15.
[8] See Plaintiff's Amended Petition, attached as **Exhibit C** at ¶ 3 and pg. 14-15.

## V.   COMPLIANCE WITH 28 U.S.C. § 1446

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of the 431st District Court of Denton County, Texas.

15. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

16. As required by 28 U.S.C. § 1446(a) and L.R. CV-81, a copy of each of the following are attached to (or filed with) this Notice of Removal:

   1. Exhibit A - Index of Documents;
   2. Exhibit B - State Court Docket Sheet;
   3. Exhibit C - Plaintiff's Amended Petition, dated July 25, 2025;
   4. Exhibit D - Request for Citation, dated July 28, 2025;
   5. Exhibit E - Waiver of Service of Citation by Defendant's Counsel dated August 15, 2025;
   6. Exhibit F - Defendant's Original Answer, dated September 5, 2025;
   7. Exhibit G - List of all parties and counsel of record, including addresses, telephone numbers and parties represented

## VI.   JURY DEMAND

17. Plaintiff has demanded a jury trial.[9]

## VII.   CONCLUSION

WHEREFORE, Defendant Tri-State Insurance Company of Minnesota requests that this action be removed from the 431st District Court of Denton County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division, and that this Court enter such further orders as may be necessary and appropriate.

---

[9] *See* Plaintiff's Amended Petition, attached as **Exhibit C** at pg. 14.

Respectfully submitted,

By: */s/ Todd M. Tippett*
    Todd Tippett
    (Attorney-in-Charge)
    Texas State Bar No. 24046977
    ttippett@zellelaw.com
    Hannah Motsenbocker
    Texas State Bar No. 24109829
    hmotsenbocker@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANT**
**TRI-STATE INSURANCE COMPANY**
**OF MINNESOTA**

## CERTIFICATE OF SERVICE

      This is to certify that on September 9, 2025, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

    Anthony Pastor
    State Bar No. 24144592
    **NATIONAL INSURANCE ADVOCATES, LLP**
    6330 Manor Lane, Suite 200
    Miami, Florida 33143
    Telephone: (833) 701-4110
    email: service@nia.law
    email: anthony@nia.law
    **ATTORNEY FOR PLAINTIFF**

                                                            */s/ Todd M. Tippett*
                                                            Todd M. Tippett