# EXHIBIT F

CAUSE NO. 25-5343-431

| | | |
|---|---|---|
| BROTHERS CAR WASH INC. DBA KWIK KAR WASH OF LANTANA | § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | 431ST JUDICIAL DISTRICT |
| v. | § § | |
| TRI-STATE INSURANCE COMPANY OF MINNESOTA | § § § | DENTON COUNTY, TEXAS |
| *Defendant*. | | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Tri-State Insurance Company of Minnesota ("Defendant" or "Tri-State") files this Original Answer to Plaintiff Brothers Car Wash Inc. dba Kwik Kar Wash of Lantana's ("Plaintiff") First Amended Petition and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's First Amended Petition and demands strict proof thereof. By this general denial, Defendant demands that Plaintiff prove every fact in support of his claims for breach of contract, violations of the Texas Insurance Code §541 et seq., noncompliance with the Texas Insurance Code §542 et seq., and declaratory judgment, by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiff prove every fact in support of his treble and exemplary damages claim(s) by clear and convincing evidence.

### II. DENIAL OF CONDITIONS PRECEDENT

Defendant specifically denies that Plaintiff has satisfied all conditions precedent to the recovery he seeks in this lawsuit.

### *Loss During the Policy Period*

Insurance coverage under Defendant's policy number ADV 9108666-12 (the "Policy") applies, if at all, only to a loss that occurs during the policy period of July 28, 2022 to July 28, 2023. To the extent any part of the claimed losses for which Plaintiff seeks recovery did not occur during this policy period, the Policy provides no coverage for such losses.

### *Loss Payment and Valuation*

Plaintiff's loss is recoverable, if at all, only to the extent provided by the Policy's Loss Payment and Valuation clauses and any other Policy condition, limit, or term regarding the valuation or payment of a covered loss.

### *Loss Above the Deductible*

Defendant's obligation to pay under the Policy extends, if at all, only to a covered loss to covered property that exceeds the Policy's applicable Windstorm or Hail Percentage Deductible. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the Policy's deductible.

### *Replacement Cost*

Defendant's obligation to pay under the Policy extends, if at all, only to the extent provided by the Policy's Replacement Cost Coverage provision. Including, without limitation, the Policy's condition that Plaintiff must first actually repair or replace damaged property and that repair or replacement is made as soon as reasonably possible after the loss or damage.

### III. **AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following affirmative and other defenses to the allegations in Plaintiff's First Amended Petition:

### *Policy Conditions*

Plaintiff's claims are subject to all conditions, limits, exclusions, and deductibles found in the Policy.

### *Failure to Mitigate Damages*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the Property from further damage. Plaintiff's recovery under the Policy and Texas law, if any must be offset and reduced accordingly.

### *Wear and Tear*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages were caused by or resulted from wear and tear.

### *Rust, Corrosion, Decay, Deterioration, Hidden or Latent Defect*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages resulted from or were caused by rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

### *Settling, Cracking, Shrinking, or Expansion*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages resulted from or were caused by settling, cracking, shrinking, or expansion.

### *Seepage*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages were caused by or resulted from the continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

Copy from re:SearchTX

### *Faulty Design, Materials, or Maintenance*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages were caused by or resulted from faulty, inadequate or defective: (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) materials used in repair, construction, renovation or remodeling; or (4) maintenance of part or all of the Property.

### *Storm Created Opening*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages were caused by or are a consequence of loss or damage to the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

### *Limitations on Coverage for Roof Surfacing*

Plaintiff's claims are barred, in whole or in part, by the Policy's Limitations on Coverage for Roof Surfacing which provides that with respect to loss or damage to a covered building or structure by wind and/or hail:

> We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.
>
> For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

Copy from re:SearchTX

\* \* \*

### *Prior Payment / Offset / Credit*

Plaintiff's claim is reduced by the amount of its deductible and any prior payment for its insurance claim. Defendant is entitled to an offset or credit in the total amount of Plaintiff's deductible and any prior payments.

### *Bona Fide Dispute*

A bona fide dispute exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant is permitted to value claims and evaluate coverage differently than Plaintiff without incurring liability for bad faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the scope and amount of any alleged covered loss and/or the extent to which any asserted loss was the result of a covered peril to covered property.

### *Excessive Demand*

Plaintiff's claim for attorney's fees is barred, in whole or in part, by the doctrine of excessive demand.

### *Limitation of Punitive/Exemplary Damages*

Defendant denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Ann. chapter 41 and Tex. Ins. Code sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendant's state and federal constitutional rights. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United

Copy from re:SearchTX

States and Texas Constitutions. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

a) Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

## IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Tri-State Insurance Company of Minnesota, prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendant may be justly entitled, both general and special, whether at law or in equity.

Copy from re:SearchTX

          Respectfully submitted,

          By: */s/ Todd M. Tippett*
              Todd M. Tippett
              State Bar No. 24046977
              ttippett@zellelaw.com
              Hannah Motsenbocker
              Texas State Bar No. 24109829
              hmotsenbocker@zellelaw.com

          **ZELLE LLP**
          901 Main Street, Suite 4000
          Dallas, TX  75202
          Telephone:     214-742-3000
          Facsimile:     214-760-8994

          **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on September 5, 2025 a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE as follows:

Anthony Pastor
State Bar No. 24144592
NATIONAL INSURANCE ADVOCATES, LLP
6330 Manor Lane, Suite 200
Miami, Florida 33143
TELEPHONE: (833) 701-4110
EMAIL: SERVICE@NIA.LAW
EMAIL: ANTHONY@NIA.LAW
*Attorneys for Plaintiff*

          */s/  Todd M. Tippett*
            Todd M. Tippett

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Todd M. Tippett on behalf of Todd M. Tippett
Bar No. 24046977
ttippett@zellelaw.com
Envelope ID: 105273750
Filing Code Description: Defendant's Original Answer
Filing Description:
Status as of 9/8/2025 8:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Anthony Pastor | | service@nia.law | 9/5/2025 3:24:04 PM | SENT |
| Mary Cornell | | mcornell@zellelaw.com | 9/5/2025 3:24:04 PM | SENT |
| Daniel Permenter | | dpermenter@zellelaw.com | 9/5/2025 3:24:04 PM | SENT |
| Hannah Motsenbocker | | HMotsenbocker@zellelaw.com | 9/5/2025 3:24:04 PM | SENT |
| Todd MTippett | | ttippett@zelle.com | 9/5/2025 3:24:04 PM | ERROR |

Copy from re:SearchTX